[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16102

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 20, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-20587-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 20, 2010)

Before BARKETT and MARCUS, Circuit Judges, and HOOD,* District Judge.

PER CURIAM:

---

* Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Rodolfo Gonzalez appeals his conviction for conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. Gonzalez, the president and sole director of City Wide Medical Supply Corporation ("City Wide"), was convicted for participating in a scheme to defraud the Medicare program by submitting almost $2.3 million in false reimbursement claims for durable medical equipment that was never prescribed nor provided to patients. The government did not allege that Gonzalez was involved in the preparation or submission of any false claim. Its theory of the case was that Gonzalez knowingly participated in the scheme by becoming the named owner of City Wide on behalf of his unindicted co-conspirators, enabling them to use the company to submit false claims and disburse the fraud proceeds while avoiding identification and apprehension by law enforcement. Gonzalez's defense was that he was the owner of City Wide in name only and never knew that the company was submitting false claims to Medicare.

On appeal, Gonzalez argues that there was insufficient evidence presented to support his conviction because the government failed to prove that he knowingly participated in the conspiracy. Gonzalez also challenges numerous evidentiary rulings, the jury instructions, and the denial of his motion for a mistrial due to alleged jury misconduct. Finally, Gonzalez argues that due to cumulative error, he received a fundamentally unfair trial.

We have considered the record, the briefs of the parties, and the oral argument of counsel, and find no reversible error in the district court's evidentiary rulings nor in the decisions pertaining to the jury instructions. We also conclude that the government presented sufficient circumstantial evidence for the jury to conclude beyond a reasonable doubt that Gonzalez knew the essential objective of the Medicare fraud scheme and participated by signing the documentation to acquire legal control over City Wide and its bank account, by signing blank checks on that account, and by lying to federal agents to hide the identity of his co-conspirators.

Finally, we cannot say the district court abused its discretion in denying Gonzalez's motion for a mistrial based on alleged jury misconduct. After a careful inquiry, the judge based her conclusion on the jurors' answers and her observations of their demeanor while answering the questions. Moreover, the fact that the jury reached a split verdict, acquitting Gonzalez of every charge except conspiracy to commit health care fraud,[1] supports the conclusion that the jury reached a reasoned verdict and was not influenced by any extraneous evidence that could have prejudiced Gonzalez. See Skilling v. United States, – U.S. –, 130 S. Ct. 2896, 2916 (2010) ("The jury's ability to discern a failure of proof of guilt of some of the

---

[1] Gonzalez was also charged with ten counts of health care fraud, in violation of 18 U.S.C. § 1347, and four counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

alleged crimes indicates a fair minded consideration of the issues and reinforces our belief and conclusion that the media coverage did not lead to the deprivation of the right to an impartial trial." (internal quotation marks and alterations omitted)). Accordingly, the district court was within its discretion to deny Gonzalez's motion for mistrial.

**AFFIRMED.**